## In The United States District Court
## For The Northern District Of Texas
## Dallas Division

| | |
|---|---|
| TRACY NIXON, | § |
|     PETITIONER, | § |
| | § |
| V. | §   CIVIL CASE NO. 3:21-CV-3087-M-BK |
| | § |
| JUDGE MARY BROWN, | § |
|     RESPONDENT. | § |

## Findings, Conclusions and Recommendation
## of the United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleading and applicable law, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

On December 10, 2021, Petitioner Tracy Nixon filed a habeas corpus petition claiming he suffers the collateral consequences of a July 12, 2016 order entered in *State of Texas v. Tracy Nixon*, No. DF-00-14691 (301st Jud. Dist. Ct., Dallas Cnty.), which found him in contempt of court for failing to pay child support and meet medical support obligations. Doc. 3 at 9. Nixon avers that while he is "presently on probation," Doc. 3 at 1, his "case remains live" because he "faces a repetition of the order issued" on July 12, 2016—namely incarceration for failing to pay child support. Doc. 3 at 9. Nixon maintains the state court refused to (1) appoint him counsel after the Public Defender withdrew its representation and (2) "admonish [him] of his right to

counsel" and the risk of reincarceration. Doc. 3 at 6-7. Nixon requests "to be freed from the void order issued on 7-12-2016." Doc. 3 at 7.[1]

In 2017, Nixon unsuccessfully sought habeas relief from this Court on essentially the same grounds—"to reverse" the July 12, 2016 order and challenge a subsequent order dated June 27, 2017, that suspended his remaining commitment for civil contempt and placed him on community supervision for 120 months. *Nixon v. Brown*, No. 3:17-CV-1257-G-BK, 2017 WL 4053724, at *1 (N.D. Tex. Sep. 5, 2017), *R. & R. accepted*, 2017 WL 4005458, at *1 (N.D. Tex. Sep. 12, 2017), *certificate of appealability denied*, No. 17-11068 (5th Cir. May 7, 2018). As here, Nixon also asserted that the July 12, 2016 order was improperly entered in violation of his right to assistance of counsel. *Id.*, 2017 WL 4005458, at *1.

The Court dismissed his habeas petition for lack of jurisdiction because Nixon failed to meet the custody requirement and, even assuming jurisdiction, his claims remained unexhausted. *Id.*, 2017 WL 4005458, at *2-4. The Court found (1) the state court's order did not interfere with his personal movement and (2) his fear of reincarceration was entirely speculative because he had complete control over whether he would be incarcerated in the future. *Id.*, 2017 WL 4005458, at *2. Further, Nixon did not exhaust his administrative remedies by challenging the contempt order through an original state habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals as he had been previously informed. *Nixon*, 2017 WL

---

[1] Nixon is barred by court order from filing non-habeas actions as a result of his lengthy and abusive filing history stemming from his repeated failures to pay child support arrearages. *Nixon v. Abbott*, No. 3:13-CV-3807-N-BN (N.D. Tex. Jan. 17, 2014) (accepting findings, conclusions and recommendation and barring Nixon from filing civil actions without first paying the filing fee or obtaining leave of Court).

4005458, at \*3-4 (citing *Nixon v. 301st Jud. Dist. Ct.*, 3:06-CV-1787-G, 2007 WL 14282, at \*2 (N.D. Tex. 2007) (accepting magistrate judge's recommendation)).

Nixon again fails to satisfy the custody and exhaustion requirements. He is "presently on probation" and, thus, is not confined. Doc. 3 at 1. 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); *see also* 28 U.S.C. § 2254(a). Moreover, for all the reasons detailed in the 2017 action, Nixon fails to show that he is sufficiently restrained to invoke the court habeas jurisdiction. *Nixon v. Brown*, 2017 WL 4053724, at \*2-3. As before, Nixon "need only pay his child support arrearage to avoid incarceration." *Id.*, 2017 WL 4005458, at \*3.

Further, even assuming he could satisfy the custody requirement for habeas jurisdiction, Nixon has again failed to exhaust his state court remedies. The online records confirm he filed no original state habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals since the dismissal of his 2017 habeas action.[2]

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at

---

[2] State court case information is available at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on Jan. 13, 2021).

any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

        **SO RECOMMENDED** on January 19, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).